UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL LOPEZ,

                                  Plaintiff,

            -v-

HOOSHANG REALTY CORP. and
JOEY ROSES LLC,

                                Defendants.

24 Civ. 2038 (PAE)

OPINION & ORDER OF
DEFAULT JUDGMENT

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Samuel Lopez brings this suit against two corporate defendants, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36, and seeking injunctive relief, attorneys' fees and costs. In his Complaint, filed on March 19, 2024, Lopez alleges that the restaurant located at 174 Rivington Street, New York, New York ("Joey Roses" or "restaurant"), does not comply with the requirements of the ADA for a public accommodation. Dkt. 1 ("Compl.") ¶¶ 6–7. Specifically, the Complaint alleges that Joey Roses is inaccessible because the only means of entry is by way of several steps, and the entrance lacks handrails. Compl. ¶ 14. It also alleges that the restaurant's dining surfaces do not satisfy the applicable height and clearance requirements under the ADA's Accessibility Guidelines. *Id.* Defendants Hooshang Realty Corp. and Joey Roses LLC (collectively, "defendants"), Lopez alleges, are owners and lessees of the premises, respectively. *Id.* ¶¶ 3–4. Despite having been served, defendants have failed to file an appearance or respond to the Complaint. Plaintiff Lopez now moves for default judgment. For the reasons that follow, the motion is granted in part.

## I. Background

### A. Factual Background

Defendants own property in New York at which Joey Roses, a sandwich restaurant and bar, operates. Compl. ¶¶ 3–4. The Complaint alleges that Lopez uses a wheelchair, *id.* ¶ 2, and that the restaurant is inaccessible to Lopez because of steps at the entrance, *id.* ¶ 14. The Complaint also alleges that there are other barriers, including inaccessible dining surfaces, both within and outside the restaurant. *Id.* ¶ 14.

### B. Procedural History

The defendants were served on March 26, 2024, Dkts. 9–10, making their deadline to answer or otherwise respond April 16, 2024. Neither defendant answered or otherwise appeared, and the time for answering the Complaint has expired as to both. On July 12, 2024, Lopez filed for entry of default judgment as against defendant Hooshang Realty Corp., and the Clerk of Court issued a certificate of default. Dkts. 20–22. On September 11, 2024, when the time to answer had expired, but Lopez had not moved for default judgment, the Court ordered Lopez to show cause why the above-captioned case should not be dismissed for failure to prosecute. Dkt. 23. On September 17, 2024, Lopez filed for entry of default judgment as against defendant Joey Roses LLC, and the Clerk of Court issued a certificate of default. Dkts. 26–28. That same day, Lopez moved for a default judgment against both defendants, Dkt. 29, and filed a memorandum of law, Dkt. 30, exhibits, Dkt. 29, Exs. 3–5, and proposed default judgment, Dkt. 29, Ex. 2, in support.

On September 20, 2024, the Court ordered any defendant wishing to oppose the motion to show cause, by October 11, 2024, why a default judgment is not warranted. Dkt. 31. The Court also ordered Lopez to serve defendants with a copy of its order and file proof of that service on the docket. *Id.* On September 23, 2024, Lopez did so. Dkt. 32.

## II.   Applicable Legal Standard

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). Once a party is in default, "a district court must accept as true all of the factual allegations of the non-defaulting party," and may enter a default judgment based on those well-pleaded allegations, if sufficient to establish a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). But because a party in default does not admit conclusions of law, a district court must first "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original).

## III.   Discussion

Lopez's motion raises three issues: (1) whether defendants are liable under the ADA, (2) whether injunctive relief is warranted, and (3) whether an award of attorneys' fees is warranted.

### A.   Liability

The Complaint's allegations are sufficient to establish defendants' liability as to the inaccessible entrance to Joey Roses. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

The Complaint adequately alleges that Lopez is disabled within the meaning of the ADA. Compl. ¶¶ 2, 5. It also adequately alleges that the Joey Roses restaurant is a place of public

3

accommodation, *id.* ¶¶ 5–7, and that its entrance is inaccessible, *id.* ¶ 14 (describing the "[e]xisting steps at [the] entrance [that] act as a barrier to accessibility" and absence of handrails on "both sides of steps at [the] entrance"); *see also* 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp . . . .").

To the extent, however, that the Complaint separately alleges that the dining surfaces within and outside the restaurant are inaccessible, these allegations do not supply sufficient detail to support a default judgment. The Complaint does no more than restate the ADA's Accessibility Guidelines, without setting out concrete facts about the dining surfaces of the restaurant at issue. *See* Compl. ¶ 14 (copying provisions of the ADA Accessibility Guidelines to establish non-compliance). Such allegations are conclusory and insufficient to establish liability. *See Rogers v. Subotic LLC*, No. 18 Civ. 1997 (JPO), 2018 WL 3918181, at *2 (S.D.N.Y. Aug. 16, 2018) (denying default judgment on ADA claims where the allegations as to alleged barriers lacked "specific details, such as the actual height of the presently available eating surfaces"); *see also Brown v. 3700 Deli & Grocery Inc.*, No. 19 Civ. 7160 (ALC), 2021 WL 289349, at *2 (S.D.N.Y. Jan. 27, 2021) (similar); *Phillips v. Emilio's Pizza*, No. 17 Civ. 6112 (JPO), 2018 WL 2192189, at *2 (S.D.N.Y. May 14, 2018) (similar). Accordingly, the Court enters default judgment as to Lopez's ADA claim to the extent it challenges the restaurant's entrance, but denies such relief as to the dining surfaces. Lopez's ADA claim relating to the dining surfaces remains open.

### B.   Injunctive Relief

For the same reasons, injunctive relief is merited as to the entrance of Joey Roses. Specifically, the Court directs defendants to make the entrance to Joey Roses readily accessible

to and useable by individuals with disabilities to the extent required by the ADA and its Accessibility Guidelines. Installing an entrance ramp with handrails on both sides, for example, would satisfy this Order. Joey Roses may continue to operate its business pending the completion of these modifications. However, the Court denies, without prejudice, Lopez's request for injunctive relief as to the dining surfaces.

### C.     Fees and Costs

The ADA allows a prevailing party in an action to recover reasonable attorneys' fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8–502(g). The reference point for determining the fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Shariff v. Beach 90th St. Realty Corp.*, No. 11 Civ. 2551, 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013). Lopez has requested that the Court reserve ruling on attorneys' fees and allow plaintiff 180 days to finalize a motion, given the potential for additional legal work attributable to enforcing this default judgment, which will entail assuring that the requested modifications to the restaurant are made. Dkt. 29 ¶ 11. If Lopez pursues his ADA claim as to the dining surfaces, there may also be a basis for the fee award to take into account that legal work. By separate order, the Court will refer this case to Magistrate Judge Stein for an inquest into reasonable attorneys' fees, costs, and expenses, to be calculated upon the completion of counsels' work.

### CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Lopez's motion for default judgment. Default judgment as to Lopez's ADA claim challenging the restaurant's entrance shall be entered against defendants Hooshang Realty Corp. and Joey Roses LLC, with attorneys' fees and costs in an amount to be determined at a later date. The Court denies,

without prejudice, default judgment as to Lopez's ADA claim relating to the restaurant's dining surfaces. That claim remains open.

Defendants are hereby ORDERED to submit to plaintiff's counsel an architectural plan that remedies the violation identified above within 90 days of the date of this order. Plaintiff shall have 30 days from receipt of defendants' plan to consent or to seek further relief from the Court. Defendants shall make the necessary alterations within 60 days of plaintiff's consent or any ruling on plaintiff's request for further relief.

Plaintiff is directed to serve a copy of this Order on defendants by certified mail. Plaintiff is further ordered, within two weeks of this Order, to file a letter on the docket of this case and send to defendants by certified mail, stating whether plaintiff intends to pursue his ADA claim relating to the restaurant's dining surfaces. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 29.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 22, 2024
　　　　New York, New York