UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────x

**Samuel Lopez**,

        Plaintiff,            Case No.: **24-cv-02038-PAE-GS**

-v-

**Hooshang Realty Corp,** and         **AMENDED VERIFIED MOTION**
**Joey Roses LLC**                          **FOR DEFAULT FINAL JUDGMENT**
                                                        **AGAINST DEFENDANT HOOSHANG**
                                                        **REALTY CORP AND JOEY ROSES LLC**

        Defendants.
───────────────────────────────x

      I, MARIA-COSTANZA BARDUCCI, as Attorney for Plaintiff, pursuant to the Court's default judgment procedures as part of the Court's individual rules, declare, under penalties of perjury, the following:

**Basis for Granting Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b)(2)**

    1.      The Defendant, **Hooshang Realty Corp** has failed to respond, appear, or defend in this instant action. The Summons and Complaint [DE#1] were served on the Defendant, **Hooshang Realty Corp** ("Defendant"), by service upon the Secretary of State on March 26, 2024. Defendant's time to answer or otherwise respond to the complaint expired on April 16, 2024 [DE#9 ]. To date, no Answer has been interposed on behalf of the Defendant. The Defendant is a corporate entity, and is not an individual in the military service, nor is the Defendant an infant or incompetent.

    2.      The Defendant, **Joey Roses LLC** has failed to respond, appear, or defend in this instant action. The Summons and Complaint [DE#1] were served on the Defendant, **Joey Roses LLC** ("Defendant"), by service upon the Secretary of State on March 26, 2024. Defendant's time to answer or otherwise respond to the complaint expired on April 16, 2024 [DE#10]. To date, no

Answer has been interposed on behalf of the Defendant. The Defendant is a corporate entity, and is not an individual in the military service, nor is the Defendant an infant or incompetent.

3. The Summons and Complaint were also mailed to the Defendants afterwards. Attempts were made to contact the Defendants by USPS mail. Subsequently, a Certificate of Default [DE#22 & DE#28] was entered against Defendants **Hooshang Realty Corp** and **Joey Roses LLC**, on July 12, 2024 and Setember 17, 2024 reseectively. Defendants were notified by mail once the Default had been entered and that Plaintiff would move by Notice of Motion for Default Judgment against the non-responding Defendants if they continued to flout the Court's jurisdiction and Plaintiff's prosecution of this matter under Title III and all applicable ADA law. Plaintiff additionally served Defendants notice letters, indicating that the parties had been served through the Secretary of the State, and the time their answers were required to avoid Default. Even after all of the foregoing documents were served by process server and/or mail, Defendants have failed to enter an appearance or respond in any way to the Plaintiff, and thereon appears unable or unwilling to defend themselves in this action and the only substantive and meaningful course of action is for the Court to Grant the Motion for Default Judgment. Given the current posture of the above-styled action, Plaintiff respectfully submits that he would prevail at trial if the Court had the opportunity to decide this case on its merits.

**Procedural History**

4. The within action was commenced on March 19, 2024. Defendants were served via the Secretary of State, on March 26, 2024. The time for Defendants to answer the Complaint expired on April 16, 2024. Plaintiff did not immediately move for Default and instead attempted to contact the Defendants regarding this lawsuit to no avail, even having staff of Barducci Law

Firm PLLC regularly researching the subject property's services, thereon affirming the public accommodation was still operating and conducting business with deliberate indifference to the discriminatory practices and uncontroverted violations of the ADA and ADAAG that which have denied the Plaintiff and all other similarly situated people equal access to goods and services as guaranteed under 42 U.S.C., § 12182. Thereafter, the judiciary, District Judge the Honorable Paul A. Engelmayer granted default judgment on exterior remediation but Ordered Plaintiff to to Amend on the interior violations and motion for Final Default Judgment on February 25, 2025.

5. Moreover, the Plaintiff applied for Clerk Certificates with the Clerk of the Court on July 12, 2024 and Septmeber 17, 2024 [DE#20-21 & 26-27], and soon after Clerk Certificates were entered [DE#22 & 28 annexed as Exhibits hereunto] against Defendants **Hooshang Realty Corp** and **Joey Roses LLC** on July 12, 2024 and Setember 17, 2024.

**Legal Basis for Finding Liability for Allegations in Complaint**

6. This action was filed for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C., Section 12181, *et. seq.* (ADA) and 28 C.F.R., Part 26 (ADAAG). Plaintiff is a resident of the State of New York and this jurisdictional district. Plaintiff is a paraplegic and as a result is required to ambulate in a wheelchair. Plaintiff is a qualified individual under the ADA. Plaintiff's complaint seeks injunctive relief, specifically corrections of barriers to access located at the subject property: *174 Rivington Street, New York, New York 10002*, which is a restaurant and a place of public accommodation under the ADA and subject to Title III of the ADA.

7. Plaintiff will continue to suffer discrimination should the barriers to access remain at that property in violation of the ADA. The injunction sought by Plaintiff seeks an order to make all readily achievable alterations to the subject property so that it is readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make readily achievable modifications to inaccessible dining tables in the restaurant that were approximately 40 to 45 inches in height, with high bar-stools surrounding the tables, far exceeding the permissible ADA table surface height, requiring tables to be no higher than 28 inches. Based primarily on a expert Consultation report and pre-suit investigation by this firm, the Defendants apprising Plaintiff that all seating was replete with tall bar stools at tables that exceeded 45 inches. Based on the Court's Order for exterior modifications, even when Plaintiff is able to enter restaurant, the seating violations will still inhibit his full and equal access, which violates his rights under the ADA.

### Proposed Damages (Injunctive Relief and Request for Fees and Costs)

8.      Despite the fact that the NYSHRL provides for monetary compensation, Plaintiff is not seeking monetary relief from the damages. Plaintiff is only seeking injunctive relief under the ADA and described in the Complaint [DE#1] filed in this action.

9.      Plaintiff seeks injunctive relief under the ADA requiring that Defendants remove the following architectural barriers:

I. Inaccessible entrance.
II. Accessible route to establishment not provided as required. Accessible means of egress not provided as required. Existing steps at entrance act as a barrier to accessibility.

> ADAAG 206 Accessible Routes.
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.

        Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
ADAAG 402 Accessible Routes.
ADAAG 402.1 General.
Accessible routes shall comply with 402.
ADAAG 402.2 Components.
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

III.    Required handrails not provided at both sides of steps at entrance.

        ADAAG 505 Handrails
ADAAG 505.2 Where Required.
Handrails shall be provided on both sides of stairs and ramps.
REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.
NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.
ADAAG 206 Accessible Routes.
ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 206.2 Where Required.
Accessible routes shall be provided where required by 206.2.
ADAAG 206.2.1 Site Arrival Points.
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
ADAAG 206.4 Entrances.
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
ADAAG 206.4.1 Public Entrances.
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
ADAAG 207 Accessible Means of Egress.
ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)

ADAAG 404.2.4 Maneuvering Clearances.

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

ADAAG 404.2.4.4 Floor or Ground Surface.

Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

**Table 404.2.4.1**

**Maneuvering Clearances at Manual Swinging Doors and Gates**

| Type of Use | | Minimum Maneuvering Clearance | |
|---|---|---|---|
| Approach Direction | Door or Gate Side | Perpendicular to Doorway | Parallel to Doorway (beyond latch side unless noted) |
| From front | Pull | 60 inches (1525 mm) | 18 inches (455 mm) |
| From front | Push | 48 inches (1220 mm) | 0 inches (0 mm)1 |
| From hinge side | Pull | 60 inches (1525 mm) | 36 inches (915 mm) |
| From hinge side | Pull | 54 inches (1370 mm) | 42 inches (1065 mm) |
| From hinge side | Push | 42 inches (1065 mm)2 | 22 inches (560 mm)3 |
| From latch side | Pull | 48 inches (1220 mm)4 | 24 inches (610 mm) |
| From latch side | Push | 42 inches (1065 mm)4 | 24 inches (610 mm) |

1. Add 12 inches (305 mm) if closer and latch are provided.
2. Add 6 inches (150 mm) if closer and latch are provided.
3. Beyond hinge side.
4. Add 6 inches (150 mm) if closer is provided.

IV. Inaccessible exterior dining tables.
V. Non-compliant height of exterior dining tables exceeds maximum height allowance.
VI. Required minimum knee and toe clearance not provided at exterior dining tables.
VII. Minimum percentage of existing exterior dining tables required to be accessible not provided.

ADAAG 226 Dining Surfaces and Work Surfaces.
ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 902.3 Height.
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

VIII. Inaccessible interior dining tables.

IX. Non-compliant height of interior dining tables exceeds maximum height allowance.

X. Required minimum knee and toe clearance not provided at interior dining tables.

XI. Minimum percentage of existing interior dining tables required to be accessible not provided.

ADAAG 226 Dining Surfaces and Work Surfaces.
ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 902.3 Height.
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.

        Toe clearance shall be 30 inches (760 mm) wide minimum.
        ADAAG 306.3 Knee Clearance.
        ADAAG 306.3.3 Minimum Required Depth.
        Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
        ADAAG 306.3.5 Width.
        Knee clearance shall be 30 inches (760 mm) wide minimum.

XII. Inaccessible interior dining counter.

XIII. Non-compliant height of interior dining counter exceeds maximum height allowance.

XIV. Required minimum knee and toe clearance not provided at interior dining counter.

XV. Portion of interior dining counter required to be accessible not provided.

        ADAAG 226 Dining Surfaces and Work Surfaces.
        ADAAG 226.1 General.
        Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
        ADAAG 902 Dining Surfaces and Work Surfaces.
        ADAAG 902.1 General.
        Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
        Advisory 902.1 General.
        Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
        ADAAG 902.2 Clear Floor or Ground Space.
        A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
        ADAAG 902.3 Height.
        The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
        ADAAG 306.2 Toe Clearance.
        ADAAG 306.2.3 Minimum Required Depth.
        Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
        ADAAG 306.2.5 Width.
        Toe clearance shall be 30 inches (760 mm) wide minimum.
        ADAAG 306.3 Knee Clearance.
        ADAAG 306.3.3 Minimum Required Depth.
        Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
        ADAAG 306.3.5 Width.
        Knee clearance shall be 30 inches (760 mm) wide minimum.

XVI. Inaccessible bar.

XVII. Non-compliant height of bar exceeds maximum height allowance. Required minimum knee and toe clearance not provided at bar. Portion of bar required to be accessible not provided.

> ADAAG 226 Dining Surfaces and Work Surfaces.
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces.
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 902.3 Height.
> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

Plaintiff submits that Defendants should be required to comply with the foregoing removal of architectural barriers within ninety (90) days. Plaintiff is also seeking an award for costs and reasonable attorney's fees for the prosecution of this action.

10. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 & 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans with Disabilities Act (see also, 28 U.S.C. §2201 and §2202). Plaintiff respectfully requests that the Court Grant the Motion for Default Judgment in the above captioned matter, as pursuant to 42 U.S.C., Section 12181(a).

11. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207. Plaintiff requests that the Court reserve ruling on attorney's fees and allows the Plaintiff 180 days to finalize a motion to tax reasonable attorney's fees and costs after attempting to prompt Defendants' compliance or to attempt to enforce any final default judgment entered which includes injunctive relief. The Plaintiff's proposed final default judgment requests that the Defendant be given 90 days from the date of the order to comply with the remediations stated therein. Undersigned will undoubtedly expend additional time and costs in serving any final default judgment and attempting to prompt Defendants' compliance with or attempting to enforce the same. Any amount of fees and costs requested at this time would be incomplete and would require a secondary motion to tax the additional costs and fees to be incurred. In the interest of preserving the Court's time and resources, and in the interest of only filing one of the same type of motion, it is reasonable to wait to move to tax costs and award fees until the majority of the time and costs have already been expended and any minimal anticipated costs and fees can be reasonably estimated.

12. Maria-Costanza Barducci, Esq., hereby declares under penalty of perjury, that the foregoing is true and accurate to the best of her knowledge and belief; that the injunctive relief

requested is appropriate and proper, and further, that the attorney's fees and, costs, and expenses sought to be taxed will necessarily be made and included in this action.

WHEREFORE, Plaintiff requests that the Court Grant the Motion for Default Judgment in this matter, as against both non-answering Defendants, and that the Judgment be entered in favor of Plaintiff in all respects as sought, and against the Defendant, **Hooshang Realty Corp** and **Joey Roses LLC** in the manner stated herein.

### 28 U.S.C. § 1746 VERIFICATION

*Under penalties of perjury, I declare that I have read the foregoing Affirmation of Maria-Costanza Barducci in Support of the Notice of and Motion for Fed. R. Civ. P. 55 Default Judgment and that the facts stated thereunto are true and accurate.*

Dated: <u>Marchh 14, 2025</u>

DENIED. The Court directs plaintiff, by March 21, 2025, to obtain new certificates of default issued by the Clerk of Court prior to filing, by March 28, 2025, any renewed motion for default judgment.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

March 14, 2025
New York, New York

Respectfully Submitted,

BARDUCCI LAW FIRM, PLLC
19 West 5th Street, 10th Floor
New York, New York 10011
T: 212.433.2554
MC@BarducciLaw.com

By:     s/Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*