UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL LOPEZ,

                      Plaintiff,

-v-

HOOSHANG REALTY CORP. and
JOEY ROSES LLC,

                      Defendants.

24 Civ. 2038 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On March 19, 2024, plaintiff Samuel Lopez filed a Complaint. Dkt. 1. On September 17, 2024, Lopez moved for default judgment, Dkt. 29, which the Court granted in part, Dkt. 34. Specifically, the Court entered default judgment as to Lopez's ADA claim challenging the entrance of the restaurant located at 174 Rivington Street, New York, New York ("restaurant"), but denied default judgment, without prejudice, to his claims relating to the restaurant's dining surfaces because those allegations did not supply sufficient detail to support a default judgment. *Id.* Lopez indicated his desire to pursue the interior ADA violations, Dkt. 35, and the Court accordingly directed Lopez to file an amended pleading amplifying factually as to the interior ADA violations and the basis for so claiming, Dkt. 36. On November 8, 2024, Lopez filed an amended complaint, Dkt. 37, and served defendants with process, Dkt. 38. On December 30, 2024, the Court directed Lopez to file a further amended pleading, setting forth the specific details concerning the actual height and barriers of the restaurant's dining facilities, and the basis for claiming these ADA violations. Dkt. 39.

On January 2, 2025, Lopez filed a second amended complaint. Dkt. 40. The following day, Lopez served defendants with process, making their deadline to answer or otherwise

respond January 24, 2025. Dkt. 41. On March 26, 2025, plaintiff obtained Clerk's Certificates of Default, Dkts. 67–68, and filed a motion for default judgment, Dkts. 69–70, citing defendants' failure to answer or appear in this action.

On March 31, 2025, the Court found that the papers in support of Lopez's motion were in good order. Dkt. 71. The Court ordered defendants, if they wished to oppose the motion, to enter an appearance and file an opposition to Lopez's motion for default judgment by April 18, 2025. *Id.* The Court ordered Lopez to serve the March 31, 2025 order on defendants by April 4, 2025. *Id.* Lopez did so. Dkt. 72.

To date, defendant Joey Roses LLC ("Joey Roses") has not entered an appearance or otherwise opposed Lopez's motion.

On April 17, 2025, Enrique Armando Leal entered an appearance for defendant Hooshang Realty Corp ("Hooshang"). Dkt. 73. Having retained counsel, Hooshang filed a memorandum of law, opposing Lopez's motion for default judgment. Dkt. 74. Hooshang concedes that it failed to timely respond to the complaint, but represents that it "has no intention to litigate this matter to trial" and intends to settle with plaintiff. Dkt. 74 at 4. Hooshang represents that it "is eager to cooperate with Plaintiff's reasonable requests" in pursuing settlement. *Id.*

The Court has reviewed Lopez's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), Dkt. 69, and plaintiff's supporting affirmation, Dkt. 70. As to defendant Joey Roses, the Court enters a default judgment for Lopez because proof of service has been filed; Joey Roses has not answered the complaint and the time for answering the complaint has expired; and Joey Roses failed to appear to contest entry of a default judgment.

Defendant Hooshang, however, has recently appeared and represents that it does not intend to litigate in this case. The Court directs Hooshang, **by May 14, 2025**, to file a letter indicating whether it means to concede liability as to the underlying claim, in which case the Court will enter a default judgment as to liability, or whether it intends to promptly litigate this case.

The Court, by separate order, will commission an amended inquest into damages for the limited purpose of determining attorneys' fees and costs, with respect to defendant Joey Roses.[1] The Court respectfully directs the Clerk of the Court to terminate the motion pending at Docket 69.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: May 7, 2025
       New York, New York

---

[1] Magistrate Judge Stein may, however, elect, in his discretion, to defer any such inquest pending clarity as to the outcome of the claims against defendant Hooshang.